UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| CRUTCHFIELD NEW MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0837-LJM-JMS |
| | ) | |
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is now before the Court on defendant's, Charles E. Hill & Associates, Inc. ("Hill"), Motion to Dismiss for Lack of Subject Matter Jurisdiction.  In this action, plaintiff, Crutchfield New Media, LLC ("Crutchfield"), seeks a declaration that it does not infringe certain patents owned by Hill, U.S. Patent Nos. 5,528,490 (the "'490 patent"), 5,761,649 (the "'649 patent"), and 6,029,142 (the "'142 patent") (collectively, the "patents in suit"), and that the '490 patent is either invalid or unenforceable.  Hill contends that when Crutchfield filed its suit an actual controversy did not exist such that this Court has jurisdiction to decide the dispute.

For the reasons stated herein, the Court **DENIES** Hill's Motion to Dismiss.

## I.  BACKGROUND

By certified letter dated May 5, 2006, Hill provided Crutchfield with information about the content of its patents, their file histories, selective pleadings in law suits in this Court and in the U.S. District Court for the Eastern District of Texas (the "Texas Court"), a summary of the licensees and coventees of Hill under the patents in suit, and a summary of the extent to which Hill had litigated its right to the exclusive use of the patented technology.  Brann Decl. Exh. D, at 1-2 & Referenced

Attachments.  In the last two paragraphs of the three page letter, Hill invites Crutchfield to take a license under the patents in suit and invites a response by May 29, 2006.  *Id.* at 3.

Based on his prior experience with other clients, Crutchfield's counsel was aware of Hill's public statement regarding its intent to pursue further litigation against any business that sells through the Internet.  Brann Decl. ¶¶ 9-13; Brann Decl. Exhs. B & C.  In addition, Crutchfield's counsel knew from personal experience that Hill had a pattern of filing suit in the Eastern District of Texas against companies without warning.  Brann Decl. ¶¶ 7-8.

Based on its belief that it had valid defenses to any claims Hill might make that Crutchfield infringed the patents in suit, and its belief that Hill would file suit against Crutchfield in the Eastern District of Texas if Crutchfield did not agree to a license by the specified date, Crutchfield filed the instant suit.

On June 20, 2006, Hill filed suit against Crutchfield, and a number of other Internet retailers, for patent infringement in the Eastern District of Texas.  Brann Decl. Exh. A.

On August 8, 2006, Hill filed the instant motion to dismiss.

## II. DISCUSSION

Hill contends that under the newly-clarified test for subject matter jurisdiction in declaratory judgment patent cases, this Court does not have jurisdiction over Crutchfield's claims because at the time Crutchfield initiated its suit, there was no actual controversy because there had been no allegation of infringement and there had been no license negotiations after Hill's offer letter of May 5, 2006.  The Court cannot agree with Hill's arguments.

2

In *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 746 (2007), the Supreme Court held that a district court has jurisdiction over a patent declaratory judgment case to the extent allowed by Article III of the United States Constitution. *Id.* at 771-73. In other words, "the question in [this] case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 771. Recently, the Federal Circuit has recognized that this is a change for its own prior jurisprudence. *Teva Pharm. USA, Inv. v. Novartis Pharms. Corp.*, ___ F.3d ___, No. 06-1181, 2007 WL 942201, at *4 (Fed. Cir. Mar. 30, 2007); *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007). In fact, the *Sandisk* court specifically held

> that where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

480 F.3d at 1381.

There is no reasonable way to distinguish the circumstances of this case from that held by the *Sandisk* court to confer upon this Court Article III jurisdiction over Crutchfield's declaratory judgment complaint. In its May 2006 letter to Crutchfield Hill clearly enunciated its intent to assert its right to seek a licensing agreement under its patents with Crutchfield. In addition, the letter makes clear that, as an Internet retailer, Hill put Crutchfield in the same category as other Internet retailers against whom Hill had filed a patent infringement suit. Furthermore, it is clear that Hill was of the opinion that Crutchfield was engaging in allegedly infringing activity or it would not have offered a license in the first place. Having been put on notice that Hill had Crutchfield within its

3

sight, Crutchfield sought to confirm its position that it did not infringe by filing the instant declaratory judgment action.

Hill asserts that the Court should require Crutchfield to notify Hill of its claims that it does not infringe and that one of Hill's patents is invalid or to enter into license negotiations before Crutchfield seeks intervention from the Courts because, otherwise, there is no substantial controversy. This carries the standard enunciated by the Supreme Court too far. The only requirement is that the circumstances show "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 127 S.Ct. at 771. The content of the May 2006, letter, including the clear articulation of Hill's willingness to litigate against potential infringers of the patents in suit, its offer of a license to Crutchfield under its patents, and its request for a response by a date certain, indicate to any reasonable reader that a substantial controversy exists between parties with adverse legal interests and it is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Furthermore, Crutchfield's counsel had first-hand knowledge of Hill's patent enforcement tactics and self-proclaimed goals. Coupled with the letter, Crutchfield was faced with a decision to agree to a license or seek a declaration that it does not infringe or that the patents in suit were invalid. There has never been a requirement that a declaratory judgment plaintiff inform its adversary before it files suit; this Court will not change that long-standing practice under the circumstances presented here.

4

## III.  CONCLUSION

For the foregoing reasons, defendant's, Charles E. Hill & Associates, Inc., Motion to Dismiss for Lack of Subject Matter Jurisdiction, is **DENIED**.

IT IS SO ORDERED this 4th day of May, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Peter J. Brann
BRANN & ISAACSON
pbrann@brannlaw.com

Stacy L. Prall
BAKER & DANIELS
slprall@bakerd.com

R. Trevor Carter
BAKER & DANIELS
trevor.carter@bakerd.com

David A. Swetnam-Burland
BRANN & ISAACSON
dsb@brannlaw.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com